UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARTHA SMITH,           )<br>                                         )<br>    Plaintiff               )<br>                                         )<br>v.                                      )<br>                                         )<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>                                         )<br>    Defendant          )  | No. 2:15-cv-33-JHR |

*MEMORANDUM DECISION*[1]

The plaintiff in this Social Security Disability ("SSD") appeal raises a single issue: whether the administrative law judge erred in finding that she could return to her past relevant work. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through March 31, 2005 (the "date last insured"), Finding 1, Record at 15; that, through the date last insured, she suffered from cervical spinal stenosis, chronic pain, status post cervical fusion, inter-vertebral degeneration, and status post left

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consent to have me conduct all proceedings in this case, including the entry of judgment. ECF No. 16.

1

wrist surgery with residual tendinitis, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.*; that, through the date last insured, she had the residual functional capacity ("RFC") to perform light work, except that she required a position change every hour between normal breaks, could not climb ladders, ropes, or scaffolds and was unable to crawl, and could occasionally perform all other postural maneuvers, was limited in reaching with her left arm in front and laterally, should avoid overhead reaching with her left arm, was limited in handling with the left arm, and had to avoid frequent overhead and forward reaching with the left arm and avoid constant handling on the left and avoid vibrating hand tools on the left and unprotected heights, Finding 5; that, through the date last insured, she was capable of performing her past relevant work as a medical receptionist, Finding 6, *id*. at 18; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability, November 30, 2001, through the date last insured, Finding 7, *id*. at 19. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982* ("SSR 82-62"), at 813.

## I. Discussion

The plaintiff contends that she never worked as a medical receptionist, the job to which the administrative law judge concluded that she could return. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 9) at 4. She says that she worked as a patient service coordinator, an office manager, and a patient service representative but never as a medical receptionist. *Id*. She argues that the jobs that she did hold were sufficiently different from the job of medical receptionist that the administrative law judge committed reversible error in treating one or more of them as identical. *Id*. She cites no authority in support of this proposition.

The defendant responds that the patient service representative position and the medical receptionist position are virtually identical. Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 13) at 4-5. The plaintiff herself initially called the job in which she worked from 1994 to 1997 that of a medical receptionist. Record at 127. She later referred to the same job as a "Patient Service Representative." *Id*. at 136. She described her duties in this job as follows: "check out patients, schedule appointments, data entry (billing), copy & fax records, pull charts & paperwork." *Id*. at 139. With the benefit of the plaintiff's own description, the two job titles appear to me to apply to the same job, particularly as

3

the plaintiff uses both titles interchangeably.[2] The administrative law judge's choice to use one title rather than the other is not reversible error.

The plaintiff next argues, Itemized Statement at 5, that, because the administrative law judge's RFC limits her to occasional overhead, forward and lateral reaching with the left upper extremity, Record at 16, the job at issue is not appropriate because she reported that she engaged in reaching up to 4 hours per workday while performing this job, *id*. at 139, which is more than the definition of "occasional" as being up to one-third of the time. *E.g.,* Social Security Ruling 83-10, *reprinted in West's Social Security Reporting Service* Rulings 1983-1991, at 29. The administrative law judge found that the plaintiff could perform this job as she had performed it. Record at 18-19. Nothing in the plaintiff's description of the manner in which she performed this job suggests that any significant portion of the reaching involved required the use of her left upper extremity, either alone or together with her right upper extremity. At least one court has rejected the argument made here by the plaintiff under similar circumstances. *Davis v. Colvin*, No. 14-5056, 2015 WL 2131503, at *6- *7 (W.D. Ark. May 7, 2015) (no overhead reaching with non-dominant left upper extremity, only occasional reaching in all other directions and handling and fingering with left upper extremity; upholding availability of three jobs in which DOT stated only occasional reaching without specifying one or both upper extremities). *See also Ambrose v. Astrue*, No. SACV 12-00954-MLG, 2013 WL 140291, at *1, *8 (C.D. Cal. Jan. 9, 2013) (upholding ruling that plaintiff could return to past relevant work as medical coder/biller and office manager despite RFC limitation to never reaching at or above shoulder level or forcefully grasping with left upper extremity); *Williams v. Astrue*, No. 09-1341-SAC, 2010 WL 4291918, at *3, *8

---

[2] The Dictionary of Occupational Titles uses neither title. The closest job description in that document for both, as described by the plaintiff, appears to be that of receptionist. *Dictionary of Occupational Titles* § 237.367-038 (U.S. Dep't of Labor, 4th ed. rev. 1991). *See also* medical secretary, *id*. § 201.362-014.

(D. Kan. Oct. 26, 2010) (upholding conclusion that plaintiff limited to work that, *inter alia*, did not require significant use of non-dominant left upper extremity could perform four specific jobs, where DOT does not differentiate between use of left or right hand or both hands).

The plaintiff cites no authority in support of her position on this issue in her itemized statement. However, at oral argument, her attorney asserted that the decision in *Wasilauskis v. Astrue*, Civil No. 08-284-B-W, 2009 WL 861492 (D. Me. Mar. 30, 2009), requires remand on this basis. That case was decided at Step 5 of the sequential evaluation process, *id.* at *2, where the burden shifts to the commissioner, and there are other distinguishing factors as well. In that case, the administrative law judge found that the claimant was unable to use her dominant hand for frequent handling, and the DOT job description required frequent handling. *Id*. at *4. No explanation of the reason why this apparent discrepancy did not make the job unavailable to the claimant was provided by the administrative law judge or the vocational expert. *Id*. at *5. Several other errors in the decision were also identified.

In the case at hand, where the administrative law judge at Step 4 adopted the plaintiff's description of the job at issue as she had performed it, the only reaching involved, whether with the dominant or the nondominant, limited arm, was taking papers from patients over a high, deep counter. Record at 33-34, 139. The plaintiff cites no record evidence suggesting that she could not perform this particular reaching with her dominant arm and hand with occasional support from her nondominant hand and arm. Under the circumstances of this case, I find the cited decisions from other district courts to be persuasive. The plaintiff is not entitled to remand on this basis.

The plaintiff also contends that the administrative law judge committed reversible error by failing to obtain the testimony of a vocational expert, to support the conclusion that the medical receptionist job was past relevant work. Itemized Statement at 4, 6. However, vocational

5

testimony is generally not required when a decision is made at Step 4 of the sequential review process. *E.g., Edwards v. Colvin*, No. 2:13-cv-419, 2015 WL 46071, at *2 (D. Me. Jan. 2, 2015). The administrative law judge may rely upon the claimant's own description of the duties involved in her past relevant work, *Lewis v. Barnhart*, No. 05-3-B-W, 2005 WL 1923514, at *2 (D. Me. Aug. 9, 2005) (citing cases), as was the case here.

None of the case law cited by the plaintiff in this regard requires a different result. In *Candelaria v. Barnhart*, 195 Fed. App'x 2, 3, 2006 WL 2615162, at **4 (1st Cir. 2006), the court was concerned with the effect of a limitation eliminating frequent overhead reaching on the full range of light work, an issue that only arises at Step 5 of the sequential evaluation process, which is not relevant to the instant case. In *Saiz v. Barnhart*, 392 F.3d 397, 400 (2004), the issue was similar: whether the Grid could be used when a significant limitation on the capacity for reaching had more than a slight impact on the claimant's capacity for a full range of sedentary work. In *Quimby v. Astrue*, No. 07-128-B-W, 2008 WL 660180, at *3 (D. Me. Mar. 5, 2008), this court held that an administrative law judge's failure to address a treating physician's limitations on reaching in all directions and "no frequent overhead work," which were "clearly inconsistent" with the use of the Grid, entitled the claimant to remand because the question about whether these limitations had more than a marginal effect on the sedentary occupational based "is not one that the administrative law judge may safely ignore." *Id.* Again, this is an issue at Step 5, not at Step 4.

The plaintiff's final challenge is an assertion that the administrative law judge "fail[ed] to undertake an adequate Step 4 analysis[.]" Itemized Statement at 6. Specifically, she contends that the administrative law judge failed to "adequately determine the RFC required for Plaintiff's actual

6

past occupations" and to "make a meaningful comparison between the current RFC and the RFC for [the] past relevant occupation." *Id.*

To support these contentions, the plaintiff relies primarily on an alleged lack of evidentiary support because "the ALJ did not obtain testimony from a vocational expert," and because the plaintiff "could [not] perform past relevant work as actually performed." *Id*. at 7. I have already rejected both of these arguments. I note also that, since the administrative law judge found only that the plaintiff could return to one of the three past jobs that she listed, medical receptionist or patient service representative, there could be no requirement that she consider the physical or mental demands of the other two jobs, patient service coordinator or office manager, contrary to the plaintiff's suggestion.

A Social Security Ruling cited by the plaintiff in support of this argument, *id*. at 6, provides that "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 811. Here, the administrative law judge said only the following on this topic:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as actually performed. According to DOT: 237.367-038, this is a sedentary, semi-skilled job, which is within the claimant's light residual functional capacity.

Record at 18-19.

This is not the specific comparison required by SSR 82-62, but the court's analysis does not stop with the identification of that error. As this court recently stated under similar factual circumstances:

> [T]he plaintiff, who bears the burden of proof a Step 4, must demonstrate more than this error on this appeal; she must also show that the outcome of her claim would have been different if the error had not occurred.

*Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 1505689, at *8 (D. Me. Apr. 1, 2015).  The plaintiff in the instant case has made no attempt to make that showing.  She is, therefore, not entitled to remand on this basis.

## II.   Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 20th day of November, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge